IN RE VÍCTOR M. BRIGNONI, JUDGE OF THE DISTRICT COURT OF PUERTO RICO, SAN JUAN PART, Respondent.

No. 9.   Decided January 12, 1962.

*Hiram R. Cancio, Secretary of Justice, J. B. Fernández Badillo, Solicitor General of Puerto Rico,* and *Rodolfo Cruz Contreras, Assistant Solicitor General,* for complainant. *Angel Viera Martínez* for respondent.

## ORDER

Whereas, the Secretary of Justice, represented by the Solicitor General, filed a complaint against Víctor M. Brignoni, Judge of the District Court, charging him as follows:

"FIRST CHARGE. The defendant, Víctor Brignoni, in the evening of March 7-8, 1960, sometime between 11 and 12 o'clock, observed an immoral conduct unbecoming a magistrate, consisting in the following acts:

"On the said date and hours he was in a state of intoxication in a night club of San Juan known as the Bamboo Club, where he was accompanied by the ladies Flor María Cruz Rosario and Amparo Toledo Sevilla, who frequented that public place very often.

"Afterwards, at the hours of dawn of March 8, 1960, the defendant, together with the manager of the bar of the Bar Association of Puerto Rico, invited the said ladies and took them to the building of the said Association for imbibing intoxicating liquor. Once inside the building of the said Association, the defendant proceeded to serve and served intoxicating liquor to his companions and invited Mrs. Toledo Sevilla to sit down on a sofa, which she did, and committed lustful acts with her, inviting her to have carnal intercourse at that place.

"SECOND CHARGE. In the hours of dawn of March 8, 1960, the defendant observed an immoral conduct unbecoming a magistrate, consisting in that he attacked and assaulted, willfully and maliciously, inside the building of the Bar Association of Puerto Rico, Mrs. Amparo Toledo Sevilla, who as a result of such assault received several injuries on different parts of the body.

"THIRD CHARGE. In the hours of dawn of March 8, 1960, the defendant observed an immoral conduct unbecoming a magistrate, consisting in that he attacked and assaulted, willfully and maliciously, inside the building of the Bar Association of Puerto Rico, Mrs. Flor Cruz Rosario, who as a result of such assault received several injuries on different parts of the body."

Whereas, this case having been referred to Joaquín Correa Suárez, Judge of the Superior Court, to proceed in his capacity as Master to hear and receive evidence, to duly certify and remit the same to this Supreme Court together with his findings of fact, the said Master, after the usual proceedings and corresponding hearing, submitted his report to this Court, finding proved the following facts:

"1. That on March 7 the defendant, Víctor Brignoni, held the Office of Judge of one of the San Juan Parts of the District Court of Puerto Rico. (See Record, p. 220.)

"2. That on Monday, March 7, 1960, the defendant, Víctor M. Brignoni, performed his regular duties as a Judge, at the

termination of which he returned to his home in San Ignacio Development, kilometer 24, in Río Piedras. (See Record, p. 240.)

"3. That the defendant, Víctor M. Brignoni, left his home between 8:30 and 9:00 p.m. of March 7 and went to the Bar Association in Santurce. (See Record, pp. 240, 241.)

"4. That on that occasion the purpose of the visit of the defendant, Víctor M. Brignoni, to the Bar Association was not for any special reason other than to watch some colleagues play domino or enjoy a few drinks. (See Record, pp. 241, 242.)

"5. That about 11:00 p.m. the lawyers who were in the Bar Association started to leave, and the defendant, Víctor M. Brignoni, left more or less at that hour in the company of Mr. Ongay, manager of the Bar Association bar, and went to San Juan. At Ongay's invitation, they went to the Bamboo Club for a drink. (See Record, p. 244.)

"6. That the defendant and Ongay arrived at the Bamboo Club at approximately 11:10 p.m., and sat at a table and ordered drinks for both. (See Record, pp, 244, 245, 246, 247, 248.)

"7. That while defendant Víctor M. Brignoni and his companion Ongay were seated at the table, at Ongay's invitation, Flor María Cruz Rosado, [sic] one of the women who were there, joined them and sat at the table with the defendant and his companion Ongay and had some drinks which Ongay ordered. (See Record, pp. 248-49.)

"8. That shortly after Flor María Cruz Rosario sat at the table of the defendant and his companion Ongay, she said that they needed another woman at the table and immediately got up and walked over to the bar, from which she returned with another woman and introduced her. The four of them ordered drinks, each imbibing as much as two rounds, although not simultaneously. (See Record, pp. 250, 251, 252.)

"9. That Flor María Cruz Rosario brought Amparo Toledo Sevilla to the table of defendant Víctor M. Brignoni in order to keep him company, and he was introduced as the Honorable Judge Brignoni. (See Record, pp. 22, 23, 250.)

"10. That Ongay, who was in charge of the bar of the Bar Association, invited those present to go to the bar of the 'Club Honrando la Toga,' and they left for that place around twelve midnight. (See Record, pp. 99, 257.)

"11. That the four of them left for the Bar Association in the car of the defendant driven by him, and that Amparo Toledo

Sevilla sat in the front seat with him and Flor María Cruz Rosario and Ongay in the back seat. (See Record, pp. 26, 101, 255, 256.)

"12. That when they arrived at the Bar Association the defendant parked his automobile in the parking place on the southern part of the building, and the four of them went inside the premises after Ongay opened the rear side door of the bar.

"13. That once they were inside the Bar Association, the four persons switched on the light of the bar only without opening any other door and sat at the bar and Ongay served drinks (whiskey). (See Record, pp. 102, 103, 261.)

"14. That after drinking for some time, the defendant, Víctor M. Brignoni, invited Amparo Toledo Sevilla to sit on the couch in the lobby of the Bar Association adjoining the bar and sat down to talk under the only light of the bar. (See Record, pp. 28, 103.)

"15. That shortly after being seated on the couch and conversing, the defendant kissed Amparo and invited her to have sexual relations with him, which she refused to do, and thereupon they engaged in an argument and the defendant proferred an obscene name to Amparo, who retorted by saying 'you are worse than that.' This aroused his indignation and the defendant slapped Amparo. (See Record, pp. 29, 31, 32, 33.)

"16. That thereupon the defendant and Amparo walked to the bar to join Ongay and Flor María Cruz Rosario, and the four persons again engaged in an argument. (See Record, pp. 32, 33.)

"17. That Ongay and the defendant threw the two women out of the Bar Association and both women left by the front and ran out along the sidewalk of the road leading to San Juan, and after walking a short distance they crossed Ponce de León Avenue to the north side, where they stopped to wait for a car to take them to their homes. (See Record, pp. 33, 34.)

"18. That Amparo Toledo Sevilla and Flor María Cruz Rosario waited for transportation for about twenty minutes on the sidewalk across the Bar Association before a police Volkswagen, which was coming from San Juan toward Río Piedras and heard the women call, turned back and stopped at the place where Amparo and Flor María were. (See Record, pp. 36, 65.)

"19. That policeman Ismael Olmeda Rivera was riding in that vehicle. (See Record, p. 65.)

"20. That the women were crying when policeman Ismael Olmeda Rivera stopped in front of them, and when he asked them what was wrong, Amparo Toledo Sevilla said that two lawyers ·or judges had injured her in the Bar Association. (See Record, pp. 65, 69.)

"21. That it was 4:30 a.m. when the policeman met Amparo Toledo Sevilla and Flor María Cruz Rosario. (See Record, p. 74.)

"22. That Amparo Toledo Sevilla and Flor María Cruz Rosario were in a state of intoxication the night of the events. (See Record, pp. 53, 103, 256, 257.)

"23. That as the policeman Ismael Olmeda Rivera conducted the two women to headquarters, he asked them if they had any bruises, so he could take them to be attended, and Amparo answered that they had none; that she did not want to be attended because she only wanted to go home. (See Record, pp. 71, 73.)

"24. That in the evening of March 7-8, 1960, the two women involved in this case gave false names to the policeman during the investigation. (See Record, pp. 49, 50, 51.)

"25. That Dr. Luis A. Sánchez examined Amparo Toledo Sevilla on March 10, 1960, and found at the time of the examination a contusion with hematoma below the left eye, that is, in the left intraorbital region; contusion on the lower thoracic region; contusion on both arms, on both gluteal regions, and both thighs and legs. (See Record, pp. 5, 7, 59.)

"26. That the two women did not give the names of their aggressors to policeman Olmeda Rivera. (See Record, p. 73.)

"27. That two or three days after the occurrence, Rafael Ongay went to the Bamboo Club in order to speak with Amparo Toledo Sevilla and Flor María Cruz Rosario, in an attempt to patch up what had happened in the evening of March 7-8, 1960. Defendant Víctor M. Brignoni, who was brought by Ongay, was present at the conversation. (See Record, pp. 113, 273.)

"28. That in the conversation between the two women, Rafael Ongay, and defendant Víctor M. Brignoni, the women demanded from the latter the sum of $1,000 in order to settle the matter, but the defendant refused despite the fact that Amparo Toledo Sevilla threatened to hire a lawyer to handle the case. (See Record, pp. 41, 183, 276, 277.)"

Whereas, having considered the objections of the defendant and examined the evidence before the Master, it appears that the charges preferred against him have been proved;

Whereas, the conduct observed by the defendant was improper and unbecoming a magistrate and injures the sacred mission to administer justice which should always be immaculate, so that, as provided in Canon I of the Judicial Ethics, "In the performance of their high missions, those called upon to administer justice, aware of their position in society and of the importance of their missions, should make certain that their conduct is governed by such ethical standards as will do honor to their office and will foster respect and confidence in the Judiciary";

Whereas, the acts committed by the defendant constitute improper and immoral conduct under the law—Act No. 11 of July 24, 1952, § 24 (4 L.P.R.A. § 232, 1960 Supp.) ;

Therefore, considering all the circumstances of this case, this Court decides to remove, and it does hereby remove, the defendant from his office of Judge of the District Court, such removal to be effective as of the date of our order suspending him from employment and salary.

It was so decreed by the Court as witnesses the signature of the Chief Justice, who did not participate herein, nor did Mr. Justice Santana Becerra.

(s)  LUIS NEGRÓN FERNÁNDEZ
*Chief Justice*

I attest:

(s)  IGNACIO RIVERA
*General Secretary*